

ALLIANCE DEFENDING
FREEDOM
FOR FAITH. FOR JUSTICE.

April 6, 2026

<u>VIA E-FILING</u>

Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

      Re:    *Ronald L. Schroeder, et al., and National Institute of Family and Life Advocates, et al. v. Treto*
              Case Nos. 25-1603 & 25-1659, 25-1655 & 25-1657

Dear Mr. Conway,

    Appellants-Cross-Appellees file this response to the State's notice of supplemental authority regarding *Chiles v. Salazar*, 607 U.S. \_\_\_\_ (Mar. 31, 2026). In that case, the Supreme Court rejected a multitude of arguments the State makes here.

    1.    The Supreme Court rejected the argument that "professional speech" is subject to "diminished constitutional protection." *Chiles*, slip. op. at 14. Rather, the First Amendment applies to the Nation's millions of medical professionals the same as "for everyone else." *Id.* That is especially true where, as here, the State dictates what providers must say.

    2.    The Supreme Court rejected Colorado's claim that States have broad authority to regulate speech as part of regulating the practice of medicine. It clarified that the speech-incidental-to-conduct exception applies only in two narrow circumstances: (1) where the law restricts speech "because it is *integrally related to unlawful conduct*" or (2) "restricts *expressive conduct* only for reasons unrelated to its content." *Id.* at 16–17 (emphasis added). Illinois cannot point to any "separately unlawful conduct" nor justify its law based on "reasons unrelated to its content, like a ban on outdoor fires that happens to sweep in flag burning." *Id.* at 17. Like Colorado, Illinois regulates "speech as speech." *Id.*

3.      The Supreme Court rejected the argument that informed-consent principles justify compelled speech when the provider does not perform the procedure. Instead, such laws "do not usually trigger strict scrutiny because they regulate speech only incident to separate physical conduct that would, without the patient's consent, amount to an assault." *Chiles*, slip. op. at 21 (cleaned up). And they may only require "factual and uncontroversial information" about that procedure. *Id.*

4.      In its supplemental letter, the State says its Protocols simply incorporate the malpractice standard of care. But *Chiles* explains that the First Amendment is not "a test of professional consensus," which "evolves" and "cannot mark the outer boundary" of professional speech protection. *Id.* at 22. Further, malpractice requires both injury and causation—"exacting proof requirements," which "*may* provide sufficient breathing room for protected speech." *Id.* at 21 (cleaned up; emphasis added).

Sincerely,

<u>*s/ Patrick T. Gillen*</u>
Patrick T. Gillen
THOMAS MORE SOCIETY
309 W. Washington, Suite 1250
Chicago, IL 60606
(312) 782-1680
pgillen@thomasmoresociety.org

<u>*s/ Erin M. Hawley*</u>
Erin M. Hawley
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@ADFlegal.org

*Counsel for Appellant-Cross-Appellee
Ronald L. Schroeder, et al.*

*Counsel for Appellants-Cross-Appellees
National Institute of Family & Life
Advocates, et al.*

**CERTIFICATE OF COMPLIANCE**

I certify that the body of this letter contains 342 words and complies with Federal Rule of Appellate Procedure 28(j).

<u>s/ Erin M. Hawley</u>
Erin M. Hawley
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@ADFlegal.org

*Counsel for Appellants-Cross-Appellees
National Institute of Family & Life
Advocates, et al.*

**CERTIFICATE OF SERVICE**

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit on April 6, 2026, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

s/ *Erin M. Hawley*
Erin M. Hawley
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
ehawley@ADFlegal.org

*Counsel for Appellants-Cross-Appellees*
*National Institute of Family & Life*
*Advocates, et al.*